UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| SHEDDRICK KINNIEBREW, | ) CV 05-7473-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION ) AND ORDER |
| v. | ) |
| | ) |
| JO ANNE B. BARNHART, Comm. Social Security Administration, | ) ) ) |
| Defendant. | ) |

## I. PROCEEDINGS

Plaintiff filed an application for Disability Insurance Benefits on August 27, 2003. An Administrative Law Judge ("ALJ") eventually denied benefits in December, 2003. The Appeals Council denied review, and declined to remand the matter to the A.L.J. for consideration of newly submitted medical evidence. Plaintiff then filed a Complaint in this court, and the parties filed a Joint Stipulation on August 3, 2006. The parties have consented to the jurisdiction of the undersigned.

## II. DISCUSSION

The court has reviewed the Joint Stipulation and Administrative Record, and finds that the Appeals Council abused its discretion in failing to remand to the ALJ due to a change in the weight of the evidence, namely due to Dr. Marshall's report dated June 3, 2005. (A. R. 525-532).[1] Macri v. Chater, 93 F. 3d 540, 544 99th Cir. 1996).

Dr. Marshall's opinion that plaintiff's fibromyalgia condition had existed for several years prior to 2005 (A.R. 531) bears directly on the weight of plaintiff's alleged arthritic condition. (See A.R. 128). Dr. Marshall's report was "material", in that it bears directly and substantially on the matter in dispute, and there is certainly a reasonable possibility that the evidence would have changed the outcome of the ALJ's decision. Mayes v. Massanari, 276 F. 3d 453, 462 99th Cir. 2001). At the very least, the A.L.J. would likely have requested a consulative evaluation for fibromyalgia.

With the addition of Dr. Marshall's report, the ALJ might well also have given Dr. Parker's November 11, 2001 report of "multiple areas of joint pain" (A.R. 142) greater weight, as well as the report of Dr. Harrison, who found "polyarthralgia" (A.R. 153). Fibromyalgia is a difficult condition to diagnose, and Dr. Marshall's diagnosis that would have provided a medical explanation that could have tied various physicians' findings together in a coherent manner, and have cast the medical record in a might more favorable to plaintiff. Dr. Marshall's report clearly altered the weight of the evidence.

Fibromyalgia is a diagnosis relying primarily on the subjective complaints of the patient, and is difficult to recognize. Benecke v. Barnhart, 379 F. 3d 587, 589 (9th Cir. 2004). In light of the clear diagnosis rendered by Dr. Marshall, along with his belief that the condition had existed for several years prior to 2005, it was

---

[1] "A.R." refers to Administrative Record.

unreasonable for the Appeals Council not to remand the matter to the A.L.J.

ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and remanded pursuant to Sentence 4 of 42 U.S.C. Section 405(g).

DATED: August 7, 2006

_____/s/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE